UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CLARENCE D. LEWIS**           **CASE NO. 6:19-CV-00745**

**VERSUS**                      **JUDGE DOUGHTY**

**JEFF LANDRY, ET AL**          **MAGISTRATE JUDGE HANNA**

**REPORT AND RECOMMENDATION**

Before the Court, on referral from the district judge, is a Motion To Dismiss Plaintiff's Complaint filed by Defendant Attorney General Jeff Landry ("Landry") [Rec. Doc. 2]. Plaintiff Clarence Lewis filed an Opposition to the Motion to Dismiss. [Rec. Doc. 8] For the reasons provided below, **IT IS RECOMMENDED** that the motion be **GRANTED** and that all claims against Landry be **DISMISSED WITH PREJUDICE.**

**I. Factual Background**

Plaintiff, Clarence Lewis[1], filed the instant lawsuit in the 15th Judicial District Court, Parish of Lafayette, against Attorney General Jeff Landry, District Attorney Keith Stutes, Assistant District Attorney Michell Billeaud, and Nancy Rogers. All

---

[1] Plaintiff been sanctioned by Chief Judge S. Maurice Hicks and barred from filing any lawsuits in this Court without first obtaining court approval *See Clarence D. Lewis v. Jeffery Landry*, et al, 5:19-cv0-0092, Rec. Doc. 4. As Plaintiff did not file the suit in this Court, but rather, it was removed from the 15th JDC, the undersigned will address the merits of defendants' motion.

parties that were properly served agreed to removal of the state court proceeding from the 15th Judicial District Court to this Court.[2]

Plaintiff alleges that Landry "allows his district attorneys to violate the plaintiff's constitutional rights through malicious prosecution of false charges." [Rec. Doc. 1-2.] He alleges that he has suffered the following: wrongful death, false imprisonment, extortion, violation of his 4th, 5th, 6th, 8th and 14th Amendment rights. *Id*. He also alleges that the inactions of Attorney General Jeff Landry show a deliberate indifference towards prison suits to correct the State Department's errors. *Id*.

## II. Law and Analysis

### A. Standard of Review - Fed. R. Civ. P. 12(b)(6)

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). When reviewing a motion to dismiss, a district court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk*

---

[2] All defendants except Nancy Rogers were properly served with this suit.

*v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir.2011), citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations,

a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir.2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir.2008). With these precepts in mind, the Court considers the Lewis' Complaint.

B. Analysis

### a. Plaintiff fails to state factual allegations to establish a cause of action.

Landry argues, and this Court agrees, that the plaintiff has failed to cite any specific actions or inactions on his part that would establish a cause of action. The only allegations asserted against Landry are that he allowed "his district attorneys to violate his constitutional rights through malicious prosecution of false charges" and that he shows "deliberate indifference to suits to correct the State Department errors." [Rec. Doc. 1-2] These allegations alone do not establish a cause of action. Without stating factual allegations, the Petition fails to state a cause of action for which relief can be granted and, therefore, the claims against Landry should be dismissed with prejudice.

### b. Plaintiff fails to state a claim against Attorney General Jeff Landry under 42 U.S.C. 1983, in his official capacity.

Plaintiff has filed suit against Attorney General Landry in his official capacity as Attorney General for the State of Louisiana. Section 1983 generally provides for the redress by an injured party of constitutional deprivations "of any rights, privileges, or immunities secured by the Constitution" by any person acting under "color of law" 42 U.S.C. §1983; *West. v. Atkins*, 487 U.S. 42, 48 (1988). The Supreme Court has 'held that a State is not a 'person' against whom a §1983 claim for money damages might be asserted. *Med RX/Systems, P.L.L.C. v. Tex. Dep't of*

*State Health Servs.*, 633 F. App'x 607, 610 (5th Cir. 2016) (*citing Lapides*, 535 U.S. at 617, 122 S.Ct. 1640). "This rule extends to 'arms of the state,' and to a state's 'officials acting in their official capacities.'" *Id.* (*citing Howlett v. Rose*, 496 U.S. 356, 365, (1990). As Landry, in his official capacity, is not considered a "person" within the meaning of 42 U.S.C. § 1983, claims against him should be dismissed with prejudice.

### c. Attorney General Jeff Landry does not have authority over the district attorneys in the State of Louisiana.

Pursuant to the Louisiana Constitution, which sets forth the powers and duties of the Attorney General and the District Attorneys of the State of Louisiana, Attorney General Landry does not have authority over the district attorneys in the State of Louisiana.

The Attorney General is granted his powers and duties pursuant to Article 4, Section 8 of the Louisiana Constitution, which establishes that he is the head of the Department of Justice, who shall be the chief legal officer of the state. La. Const. Art. IV, § 8. The assistant attorneys general shall be appointed by the attorney general to serve at his pleasure. *Id*.

As necessary for the assertion or protection of any right or interest of the state, the attorney general shall have authority (1) to institute, prosecute, or intervene in any civil action or proceeding; (2) upon the written request of a district attorney, to advise and assist in the prosecution of any criminal case; and (3) for cause, when

authorized by the court which would have original jurisdiction and subject to judicial review, (a) to institute, prosecute, or intervene in any criminal action or proceeding, or (b) to supersede any attorney representing the state in any civil or criminal action. *Id*.

The District Attorneys for each of the judicial districts within the State are granted their powers and duties pursuant to Article 5, § 26 of the Louisiana Constitution, which sets forth that the several District Attorneys of the state shall have charge of every criminal prosecution by the state in his district, be the representative of the state before the grand jury in his district, and be the legal advisor to the grand jury. La. Const. Art. V, § 26. A district attorney may select assistants as authorized by law. *Id*.

The Louisiana Constitution establishes that the Attorney General and District Attorney are separate and distinct entities. The Attorney General does not appoint or control any of the district attorneys within the State of Louisiana. Rather, he only exercises supervision over all district attorneys in the State as he may deem necessary for the assertion or protection of the rights and interests of the State. La. C.Cr. P. Art. 62. Therefore, Plaintiff fails to state a claim against Attorney General Jeff Landry for actions of District Attorney Keith Stutes and Assistant District Attorney Michell Billeaud, as Landry does not have authority over either one of

them. For this reason, plaintiff's claims against Attorney General Landry should be dismissed with prejudice.

### d. Plaintiff's claims are barred due to prescription.

Finally, plaintiff's claims alleging malicious prosecution of false charges against him are barred due to prescription. It is well-established that the prescriptive period for claims brought in tort for damages, or pursuant to Section 1983 claims based on tort in Louisiana, is governed by the general statute of limitations governing personal injuries in the forum state. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Under Louisiana law, delictual actions are subject to a liberative prescription of one year, which commence to run from the day injury or damage is sustained. La. C.C. 3492.

Plaintiff's claims stem from his 2011 conviction in the 15th Judicial District Court. Plaintiff filed a Petition for Writ of Habeas in this Court on August 7, 2015, seeking to have that conviction and sentence vacated. *See Clarence D. Lewis v. Johnny Hedgemon*, Docket Number 6:15-cv-2167; 2018 WL 1498523 (W.D. La. 4/27/17). On April 24, 2017, his Petition was denied and dismissed with prejudice. *Id*. at Rec. Doc. 35. On July 24, 2017, plaintiff filed a Motion for Certificate of Appealability ("COA") with the United States Fifth Circuit Court of Appeal, seeking review of the order denying his petition. On February 21, 2018, the Fifth Circuit denied same and upheld the District Court's ruling, reasoning that "Lewis had failed

to make a substantial showing of the denial of a constitutional right." *Lewis v. Hedgemon*, *Id*. at Rec. Doc. 46.; 2018 WL 3702482 (5th Cir. 2/21/2018). The United States Supreme Court denied his petition for writ of certiorari on October 9, 2018. *Id*. at Rec. Doc. 48.

Plaintiff filed this instant suit in the 15th Judicial District Court, Parish of Lafayette, on March 11, 2019. [Rec. Doc. 1-2] Whether the Court takes into account the date of the criminal conviction (September 2011), or the date that the plaintiff's writ application was denied by the United States Supreme Court (April 2017), plaintiff's claims are barred by operation of law.

For the reasons stated herein,

**IT IS RECOMMENDED** that Attorney General Jeff Landry's Motion to Dismiss (Doc. 2) be **GRANTED** and that all claims against Landry be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.1996).

THUS DONE in Chambers on this 24th day of September, 2019.

**Patrick J. Hanna**
**United States Magistrate Judge**