UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CLARENCE D. LEWIS** | **CASE NO. 6:19-CV-00745** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **JEFF LANDRY, ET AL** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Motion To Dismiss Plaintiff's Complaint filed by Defendants Keith A. Stutes and Michele Billeaud [Rec. Doc. 4]. Plaintiff Clarence Lewis did not oppose the instant motion. For the reasons provided below, **IT IS RECOMMENDED** that the motion be **GRANTED** and that all claims against Stutes and Billeaud be **DISMISSED WITH PREJUDICE.**

**I. Factual Background**

Plaintiff, Clarence Lewis[1], filed the instant lawsuit in the 15th Judicial District Court, Parish of Lafayette, against Attorney General Jeff Landry, District Attorney Keith Stutes, Assistant District Attorney Michell Billeaud, and Nancy Rogers. All

---

[1] Plaintiff been sanctioned by Chief Judge S. Maurice Hicks and barred from filing any lawsuits in this Court without first obtaining court approval *See Clarence D. Lewis v. Jeffery Landry*, et al, 5:19-cv0-0092, Rec. Doc. 4. As Plaintiff did not file the suit in this Court, but rather, it was removed from the 15th JDC, the undersigned will address the merits of defendants' motion.

parties that were properly served agreed to removal of the state court proceeding from the 15th Judicial District Court to this Court.[2]

Plaintiff alleges that Stutes and Billeaud violated his 4th, 5th, 6th, 8th and 14th Amendment rights through their illegal detention and conviction of plaintiff on unsubstantiated charges and that these acts contributed to the wrongful death of his mother. [Rec. Doc. 1-2, p. 3] The conviction referred to is a September 22, 2011 conviction arising from plaintiff's guilty plea in the matter of *State of Louisiana v. Clarence David Lewis*, Criminal Docket No. CR-130950 in the 15th Juridical District court, on charges of forcible rape and home invasion, for which he is currently serving a fifteen (15) year sentence at the Raymond Laborde Correctional Center in Cottonport, Louisiana.   [Rec. Doc. 4-1, pp. 1-2]

**II. Law and Analysis**

    **A.  Standard of Review - Fed. R. Civ. P. 12(b)(6)**

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). When reviewing a motion to dismiss, a district court may also consider "documents incorporated into the

---

[2] All defendants except Nancy Rogers were properly served with this suit.

complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir.2011), citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-

3

36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir.2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir.2008). With these precepts in mind, the Court considers the Plaintiff Lewis' Complaint.

## B. Analysis

### a. Plaintiff fails to state factual allegations to establish a cause of action.

The defendants argue, and this Court agrees, that the plaintiff has failed to cite any specific actions or inactions on their part that would establish a cause of action. Without any factual support, plaintiff has alleged a cause of action under Section 1983 arising from his 2011 conviction and subsequent conviction, which he now deems illegal, despite his guilty plea. Without stating factual allegations, the petition fails to state a cause of action for which relief can be granted and, therefore, the claims against Stutes and Billeaud should be dismissed with prejudice.

### b. Plaintiff's claims are barred by Heck v. Humphrey.

Moreover, plaintiff cannot demonstrate entitled to damages under Section 1983, as he cannot demonstrate that his conviction or sentence has already been invalidated. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983. Justice Scalia, writing for the majority, concluded, "[t]hus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless

5

the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*. at 487.

As stated above, plaintiff's claims stem from his 2011 conviction in the 15th Judicial District Court. Plaintiff filed a Petition for Writ of Habeas in this Court on August 7, 2015, seeking to have that conviction and sentence vacated. *See Clarence D. Lewis v. Johnny Hedgemon*, Docket Number 6:15-cv-2167; 2018 WL 1498523 (W.D. La. 4/27/17). On April 24, 2017, his Petition was denied and dismissed with prejudice. *Id*. at Rec. Doc. 35. On July 24, 2017, plaintiff filed a Motion for Certificate of Appealability ("COA") with the United States Fifth Circuit Court of Appeal, seeking review of the order denying his petition. On February 21, 2018, the Fifth Circuit denied same and upheld the District Court's ruling, reasoning that "Lewis had failed to make a substantial showing of the denial of a constitutional right." *Lewis v. Hedgemon*, *Id*. at Rec. Doc. 46.; 2018 WL 3702482 (5th Cir. 2/21/2018). The United States Supreme Court denied his petition for writ of certiorari on October 9, 2018. *Id*. at Rec. Doc. 48.

Accordingly, as plaintiff's conviction and sentence have been upheld at every instance, plaintiff cannot meet the burden under *Heck* of demonstrating that the plea or sentence "has already been invalidated." *Heck*, 512 U.S. at 487. His state court conviction and the denial of his federal habeas corpus action are final. Accordingly, for this reason, the claims against Stutes and Billeaud must be dismissed.

### c. District Attorney Stutes and Assistant District Attorney Billeaud are absolutely immune from liability.

Any claim for monetary damages against District Attorney Stutes and Assistant District Attorney Billeaud is barred by the doctrine of absolute immunity. A district attorney and his assistants are absolutely immune in a civil rights suit for any action taken pursuant to their role as prosecutors in preparing for the initiation of judicial proceedings and in presenting the State's case. *See Kalina v. Fletcher*, 522 U.S. 118 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir.1997). The *Imbler* Court reasoned that prosecutors were involved in the "judicial phase of the criminal process," which needed to be free from intimidation and harassment. *Imbler*, 424 U.S. at 430. Absolute immunity applies "[e]ven where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts." *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979). Absolute immunity protects prosecutors from all liability even when they act "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985).

Plaintiff alleges that Stutes allowed Billeaud to violate his constitutional rights and that Billeaud brought unsubstantiated charges, based on an unlawful arrest. As

the only actions complained of are actions clearly taken with in the professional capacities of both Stutes and Billeaud, they are both entitled to absolute quasi-judicial immunity, and claims against them should be dismissed.

### d. Plaintiff's claims are barred due to prescription.

Finally, plaintiff's claims alleging malicious prosecution of false charges against him are barred due to prescription. It is well-established that the prescriptive period for claims brought in tort for damages, or pursuant to Section 1983 claims based on tort in Louisiana, is governed by the general statute of limitations governing personal injuries in the forum state. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Under Louisiana law, delictual actions are subject to a liberative prescription of one year, which commence to run from the day injury or damage is sustained. La. C.C. 3492.

Plaintiff filed this instant suit in the 15th Judicial District Court, Parish of Lafayette, on March 11, 2019. [Rec. Doc. 1-2] Whether the Court takes into account the date of the criminal conviction (September 2011), or the date that the plaintiff's writ application was denied by the United States Supreme Court (April 2017), plaintiff's claims are barred by operation of law.

For the reasons stated herein,

**IT IS RECOMMENDED** that the District Attorney Keith Stutes and Assistant District Attorney Michele Billeaud's Motion to Dismiss [Doc. 4] be

**GRANTED** and that all claims against Stutes and Billeaud be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

 objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.1996).

THUS DONE in Chambers on this 24th day of September, 2019.

                                               Patrick J. Hanna
                                       United States Magistrate Judge